[L. A. No. 4111. Department Two.—January 15, 1918.]

# M. S. ROBERTSON, Respondent, v. JULIUS A. BUCKLER et al., Appellants.

ASSIGNMENT—ACTION ON ASSIGNED CLAIM—EVIDENCE—AFFIDAVIT INCOMPETENT.—In an action by one claiming as assignee of moneys due from two vendees of a house upon their contract to pay a certain purchase price, where on a trial by the court a written assignment had been produced, which on its face purported to be an assignment of a claim against only one of the defendants, the court erred in permitting the subsequent introduction in evidence of an affidavit averring that certain witnesses (including the assignor of the claim) could prove that the assignment, by mistake and inadvertence, though referring only to a claim against one defendant, was intended to pass and assign the claim against both defendants, such affidavit being incompetent.

ID.—AFFIDAVIT INADMISSIBLE AS PROOF OF ORIGINAL CONTRACT.—Such affidavit was also incompetent if offered as proof of the alleged original contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

Rufus V. Bowden, Olin Wellborn, Jr., and Alfred H. McAdoo, for Appellants.

Robert L. Hubbard, and B. Dean Clanton, for Respondent.

WILBUR, J.—Plaintiff sues herein as assignee of Anna E. Steele for the sum of two thousand dollars, balance alleged to be due from defendants upon an oral contract for the purchase price of lot 77 of the Westview tract, sold by plaintiff's assignor to the defendants.   Judgment went against both defendants, and defendant Buckler appeals.   The assignment under which plaintiff claims is as follows:

"Exhibit 6.

"July 9th, 1912.

"This is to certify that Mrs. Anna Steele holds a $3000.00 interest in the house being built in Westview Tract and that said money is payable as follows:

"$1500.00 on or before July 15, 1912.

"$1500.00 30 days after completion of the house.

"(Signed)  CARLIN G. SMITH."

"Exhibit 2.

"Los Angeles, Cal., Aug. 28, 1912.

"For value received I hereby assign the unpaid balance of the above, amounting to the sum of two thousand dollars, to M. S. Robertson, of Los Angeles, Cal.

"(Signed)   Mrs. ANNA STEELE."

Two questions are presented by the appeal: First, Did the foregoing assignment, under the circumstances, transfer to plaintiff the rights of plaintiff's assignor against the said Buckler, if any?   And, second, Is the evidence sufficient to justify the finding that the defendants jointly purchased said lot and agreed to pay therefor?

When the case was submitted plaintiff agreed to produce the above written assignment, the court stating, "When that paper comes in it may be deemed submitted.   Of course, if that paper does not come in, you have no case."   The assignment was filed and thereafter plaintiff moved to reopen the

case "for the purpose of introducing additional evidence relating to the assignment of the cause of action herein." The notice of motion was accompanied by an affidavit of W. M. Melton, "that he has knowledge of the assignment from Anna E. Steele to the plaintiff herein of the cause of action and knows of the consideration given therefor; that it was the intention of said assignor to assign to plaintiff herein her claim and demand in the sum of $2000.00 against J. A. Buckler and Carlin G. Smith, defendants herein." Affiant also avers that the foregoing documents were delivered to him at that time by Mrs. Steele, together with a letter which was already in evidence, dated August 28, 1912, signed J. A. Buckler, and stating: "The proposition I made you yesterday still stands, that is: I will let you trade the house over at $8000.00, or I will execute a note for $2000.00 at seven per cent, secured by a trust deed on the house and give it to you to cover the interest you still have in the property." Affiant avers that said documents "were delivered to the plaintiff with the intention to pass and assign to the plaintiff the claim for $2000.00 against both defendants Buckler and Smith, but by mistake and inadvertence it was not noted that said 'Exhibit 2' did not specifically refer to the demand against both defendants, other than the general reference of assignment. Said facts can be proven by this affiant and by the assignor, Anna E. Steele, and by one G. W. Hoge, who wrote said 'Exhibit 6,' and will also be shown by all of said witnesses that said 'Exhibit 2' did not embody, and was not the contract between the parties, but was simply a reference to the transfer of said claim." At the time of the hearing of said motion "said affidavit was taken by the court as if testified to by the said Melton, Anna Steele, and G. W. Hoge. The introduction or acceptance or consideration of the said affidavit or its contents was objected to on the ground that the same was incompetent, irrelevant, and immaterial." The objection was well taken. The affidavit was incompetent. The court apparently accepted the allegation of the affidavit that the facts could be proven by the affiant, by Anna E. Steele, and by G. W. Hoge, as equivalent to their testimony to the facts as to which it was alleged in the affidavit they would testify. Not only was the affidavit incompetent, but also the intent of the parties, both as to the assignment and as to the alleged contract between Mrs. Steele and the de-

fendants, was not to be proved by mere declaration of what the parties intended, but by showing what actually occurred at the time of the assignment and at the time of the contract. The only additional proof in said affidavit was the statement that Mrs. Steele intended to assign her claim against Buckler by an instrument which, by reason of mistake and inadvertence, referred only to a claim against Smith; and the fact that Buckler's letter accompanied said assignment. This letter was merely an unaccepted offer, being an admission that Mrs. Steele *still owned an interest in the property*, which was entirely contrary to her theory that she had parted with all interest in it. Buckler claims that he did not agree to purchase the property, that Smith made the agreement for deeding the property to him as a trustee for all interested in a controversy, which need not be fully stated, concerning the completion of a double house on said lot by a corporation of which Buckler was an officer and in which both Smith and Buckler were stockholders. It is evident that the question of whether the writing, "Exhibit 2," was the only agreement for payment, or whether there was some other agreement binding Buckler, is the vital question in the case.

Incompetent evidence that " 'Exhibit 2' did not embody and was not the contract between the parties, but was simply a reference to the transfer of said claim" was clearly erroneous and prejudicial. In view of the necessity of a new trial, additional evidence may be presented both on the question of the original contract and assignment thereof. It is therefore unnecessary to determine whether the evidence in the record sufficiently supports the finding that Mr. Buckler was a party to the agreement to pay for said lot.

Judgment reversed.

Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.